UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                     Case No. 8:08-cv-2224-T-33EAJ

GREGORY J. PELLETIER,

     Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the motion for summary judgment (Doc. # 11), filed by the Government on January 14, 2009. The Defendant, Gregory Pelletier, failed to file a response in opposition to the motion. For the reasons that follow, this Court grants the motion for summary judgment.

**I. Background**

The Government filed its civil complaint to recover on a defaulted student loan against Pelletier on January 6, 2008. (Doc. # 1). Pelletier did not file a response to the Government's complaint. On January 14, 2009, the Government filed its motion for summary judgment (Doc. # 11), and, once again, Pelletier failed to file a response.

On February 25, 2009, this Court entered an Order warning Pelletier that failure to respond to the motion could result

in the entry of a judgment against Pelletier. (Doc. # 12).

## II. Undisputed Facts

Based upon this Court's review of the record, including the promissory notes, the affidavit of Alberto Francisco, and the U.S. Department of Education's Certificates of Indebtedness, this Court finds that the Government is entitled to summary judgment.

The record supports that Pelletier obtained a student loan in the original principal amount of $2,625 from Barnett Bank (Claim No. 2008A89539) and a consolidation loan in the original principal amount of $5,720.77 from the William D. Ford Direct Loan program (Claim No. 2008A89819) for the costs of his education. Pelletier defaulted on both loans.

A total of $165.12 in unpaid interest was capitalized and added to the principal balance of $2,625 (Claim No. 2008A89539). No interest was capitalized on the $5,720.77 loan (Claim No. 2008A89819). In addition, $1,407.17 in credits and/or payments were credited to the balance of the $2,625 loan (Claim No. 2008A89539) since that loan was assigned to the Department of Education. As to the $5,720.77 loan (Claim No. 2008A89819), no payments or credits have been applied since the loan was assigned to the Department of Education. As of January 13, 2009, the filing date of the

motion for summary judgment, Pelletier owed a total of $11,136.74 ($7,856.97 in principal and $3,279.77 in interest). However, interest accrues on these loans daily. (Doc. # 1-2).

Pelletier's promissory notes contained attorney's fees provisions (Doc. # 11 at 8). The Government specifically requests a judgment as follows:

> Judgment against the defendant, Gregory J. Pelletier, in the amount of $11,136.74, plus interest on the principal amount of $2,136.20 at the interest rate of 8.00% (for Claim No. 2008A89539) and the principal amount of $5,720.77 at the interest rate of 4.25% (for Claim No. 2008A89819) per annum, from January 13, 2009 to the date of judgment, and interest thereafter at the legal rate, as prescribed by 28 U.S.C. 1961, together with costs and expenses incurred by the plaintiff in bringing this suit.

(Doc. # 11 at 3).

### III. Legal Standard and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-

moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment.  Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).  However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case.  The burden then shifts to the borrower to establish that the amount is not due and owing. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

In the absence of such proof, summary judgment in favor of the claimant is appropriate. Id.

The material facts in this case are not disputed. Pelletier incurred the obligations under the notes identified by the Government and Pelletier defaulted. Pelletier has presented no defenses in this matter and it appears that he does not contest the entry of the requested judgment against him.

Accordingly, this Court grants the Government's motion for summary judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The Government's Motion for Summary Judgment (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to enter Judgment as follows: Judgment against the defendant, Gregory J. Pelletier, in the amount of $11,136.74, plus interest on the principal amount of $2,136.20 at the interest rate of 8.00% (for Claim No. 2008A89539) and the principal amount of $5,720.77 at the interest rate of 4.25% (for Claim No. 2008A89819) per annum, from January 13, 2009, to the date of judgment, and interest thereafter at the legal rate, as prescribed by 28 U.S.C. 1961, together with costs and

expenses incurred by the plaintiff in bringing this suit.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of March 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record